UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERMAINE CRIDDELL,
    Plaintiff,

    vs.      No. 09-1011,

JOHN BELCHER, et al.,
    Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

    This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The pro se plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C.§ 1983 against sixteen defendants including fifteen Normal City Police Officers and the Normal Police Department.

    The plaintiff says on August 10, 2007, he was arrested for unlawful possession of a firearm and aggravated discharge of a firearm. The plaintiff says he was arrested based on a warrant that contained inaccurate and false information. The plaintiff says the weapon was not in his possession, did not have his fingerprints and was not registered to him. In addition, the plaintiff says he did not even know the weapon was in the residence where he was found. The plaintiff says he was "wrongfully and falsely arrested by the Normal Police Department. " (Comp., p. 3).

    The plaintiff further states that Defendant Officer Belcher knowingly used false information to arrest the plaintiff. The plaintiff says Officers Cherry and Gossmeyer pointed a gun at the plaintiff and "terrified me, for no reason" committing "professional malpractice." (Comp., p. 3, 4)  As for the remaining officers, the plaintiff says they "falsely alleged my involvement in this alleged incident that lead to my arrest. These officers were fully aware that I was not involved..." (Comp, p. 4). The plaintiff is suing all the defendants for damages.

    The plaintiff has failed to state a claim upon which relief can be granted. The fact that two officers pointed a gun at the plaintiff during an arrest does not by itself state a violation of his rights. More importantly, the plaintiff admits he was found guilty of the charges. The plaintiff cannot file a federal lawsuit pursuant to §1983 challenging the basis of his criminal conviction unless he can demonstrate that the conviction has been overturned. In *Heck v Humphrey,* 512 U.S. 477, 487 (1994), the Supreme Court held that when a state prisoner seeks damages in a §1983 lawsuit that would call into question the validity of his conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been overturned.

    In this case, the plaintiff clearly calls his conviction into question by claiming that he was not involved and he was arrested based on false information. *See Hadley v Warner,* 753 F.2d 514, 516 (6th Cir. 1985)(even though plaintiff sought damages, his complaint challenged validity of conviction and therefore dismissal was proper.); *see also Harper v Gibson,* 666 F. Supp. 1252 (N.D. Ind. 1987). Therefore, the court must dismiss the plaintiff's complaint pursuant to §1983. The plaintiff indicates he has already filed an appeal of his criminal conviction.

**IT IS THEREFORE ORDERED:**

1) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2, 7], and this case is closed, with the parties to bear their own costs;

2) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 27th day of January, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE